457 So.2d 957 (1984)
Bobby Leroy EVANS
v.
STATE of Mississippi.
No. 55085.
Supreme Court of Mississippi.
October 10, 1984.
A.H. McRae, Jr., Laurel, for appellant.
Edwin Lloyd Pittman, Atty. Gen., by Robert D. Findley, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and ROBERTSON, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Bobby Leroy Evans was indicted and tried in the Circuit Court of Jones County, Honorable James D. Hester, presiding, for murder of Allen Edison. The jury returned a verdict of manslaughter and Evans was sentenced to serve a term of ten (10) years in the custody of the Mississippi Department of Corrections. He has appealed to this Court assigning three errors in the trial below.
Evans and Edison, both married, were romantically involved with one Bonita Moffett. She testified that she was the mother of two children by Edison and one by Evans. Bad blood existed between the two men because of their relationship with Bonita Moffett, and their difficulties finally terminated in the death of Edison and the conviction of Evans. About 8 p.m., on February 11, 1983, Evans and Edison met at Roosevelt's Place, a lounge, in the City of Laurel. Both were armed with six shooters. Words passed between them, they drew their guns and both fired six shots. Obviously, and luckily, they were not in the class of gunmen in the olden days, because neither was hit by the other's bullets. Moffett registered a complaint with the *958 police, and Edison was arrested but freed on bond.[1]
Evans went home, armed himself with a .30-.30 rifle, and returned to Roosevelt's Place. He saw Edison sitting in an automobile outside the place. Witnesses testified that Evans emerged from his automobile and walked over to within a car's length of Edison's vehicle, armed with the .30-.30 rifle. Edison was talking to a woman by the name of Carlene Perryman. She said that Edison had his left hand on the steering wheel and his right hand was full of money, which he was giving to her. At that time, Evans shot Edison twice with the .30-.30 rifle, one bullet striking him in the back and the other in the chest.
According to Evans, he was walking over to talk with Edison, when it appeared to him that Edison was reaching for something. He was afraid Edison was going to shoot him, and Evans then shot Edison with the .30-.30 rifle. No weapon was found in Edison's car or on his person.

I.
Evans first contends that the lower court erred in refusing to allow him to fully pursue the events that led up to the shooting of the deceased.
He cites Harley v. State, 345 So.2d 1048 (Miss. 1977); Washington v. State, 307 So.2d 430 (Miss. 1975); Eaton v. State, 200 Miss. 729, 28 So.2d 230 (1946); Cotton v. State, 31 Miss. 504 (1856); and Davis v. State, 259 Ark. 403, 533 S.W.2d 202 (1976); in support of his position. Evans argues that the lower court did not permit him to fully show the events preceding the homicide and complains that the court did not permit him to show previous threats, communicated and uncommunicated, made against him by Edison. Of course, it is elementary that threats (not remote) made against a defendant, and the conduct of the deceased at, and within a reasonable time prior to, the homicide are admissible, being relevant to show who was the aggressor, and to show the state of mind of the deceased. Wilson v. State, 390 So.2d 575 (Miss. 1980); Eaton v. State, 200 Miss. 729, 28 So.2d 230 (1946).
In the present case, the record reflects that the confession of Evans was introduced by the State without objection, Evans' counsel stating to the court: "We have no objection, your Honor." Counsel apparently regarded the statement as being favorable to Evans. In fact, it set out Evans' defense, as testified to by him at trial, and, in addition, stated the following matters:
(1) Detailed testimony about the shoot-out, prior to the homicide.
(2) Two years previously, he stopped at the home of Bonita Moffett, Allen Edison drove up and threatened to kill Evans.
(3) Those threats continued since that time and had gotten worse.
(4) February 7, 1983, someone called Evans' wife and said, "Plug Edison (the deceased) was going to kill him." That statement was also testified to by Evans' wife.
(5) On February 7, 1983, Samuel Porter said that a friend of Plug's (Edison) said that they were going to set me (Evans) up and kill me. After these incidents, Evans started carrying a gun.
(6) On February 11, 1984, some person called and said he was "Plug" (Edison) and was going to set him (Evans) up. The call was to Evans' wife, she told Evans about it, and didn't want him to go out for fear something might happen to him.
We are of the opinion that the lower court was patient and lenient in permitting Evans' counsel to show the events leading up to the homicide and previous conduct of the deceased, together with alleged threats made by him.

II.  III.
Appellant contends second that the lower court erred in admitting all of the State's instructions because the State failed to abide by Rule 5.03, Mississippi Rules of Criminal Procedure, in that the instructions of the State were not filed *959 until 2:30 p.m. on the day of the trial. We are of the opinion that the appellant neither suffered prejudice because of a failure of the State to fully comply with the rule, nor did the lower court err in granting the State's instructions.
Appellant contends third that the lower court erred in refusing to grant appellant's instruction # 13, which was a self-defense instruction.
The court granted defendant's self-defense instruction # 14, which adequately informed the jury of the appellant's right of self-defense, and there is no merit in Assignment III.
There being no reversible errors in the trial below, the judgment of the lower court is affirmed.
AFFIRMED.
WALKER, P.J., BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.
NOTES
[1] For threats against her.