576 So.2d 1262 (1991)
James E. HARRIS
v.
STATE of Mississippi.
No. 89-KA-1015.
Supreme Court of Mississippi.
March 13, 1991.
William L. Bambach, William L. Bambach, P.A., Columbus, for appellant.
Mike C. Moore, Atty. Gen., W. Glenn Watts, Special Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and SULLIVAN and McRAE, JJ.
*1263 ROY NOBLE LEE, Chief Justice, for the Court:
James E. Harris was convicted in the Circuit Court of Lowndes County, Mississippi, for the sale of marijuana in an amount greater than one ounce but less than one kilogram. He was sentenced to serve a term of thirteen years in the custody of the Mississippi Department of Corrections and fined five thousand dollars ($5,000). He appeals to this Court and assigns four (4) errors in the trial below.

FACTS
Evidence for the State reflects that on October 21, 1988, Jeffrey Warren was approached by Harris, who asked Warren to sell marijuana for him. An agreement was made whereby Harris would supply Warren with marijuana and receive a commission for his sale of the marijuana. Harris provided him on that occasion with fifty (50) dime bags of marijuana, which were to be sold for ten dollars ($10.00) each and Warren was to receive two dollars ($2.00) per bag.
Warren hid forty-five bags of the marijuana, sold three (3) and, being suspicious that the police might catch him, contacted the police about the agreement and sale.
The police purchased the remaining forty-five bags of marijuana from Warren and gave him marked money for it. Warren, pursuant to his agreement with Harris, contacted Harris and delivered the proceeds from the fifty bags of marijuana. He was equipped with a concealed microphone and, when Harris received the money, he stated, "that was the way he liked to see his boys make sales" and that he needed to put ten dollars back in the cash register at Helen's Kitchen. Harris was arrested and there was found on his person three hundred and ninety dollars of the police department's photocopied monies.

LAW

I.

The lower court erred in refusing to grant Harris' motion for a directed verdict.

II.

The lower court erred in refusing to grant Harris' motion for a new trial or in the alternative for judgment notwithstanding the verdict.

III.

The verdict of the jury was against the overwhelming weight of the evidence.
Harris contends that the lower court erred in denying his motion on a directed verdict at the end of the State's case, which contention fails because he proceeded to introduce evidence after the State rested. Likewise, his motion for a judgment notwithstanding the verdict fails because he did not renew his motion for a directed verdict at the conclusion of all the evidence. Stringer v. State, 557 So.2d 796, 797 (Miss. 1990); Lambert v. State, 462 So.2d 308, 313 (Miss. 1984); Rainer v. State, 438 So.2d 290, 292 (Miss. 1983); Robinson v. State, 418 So.2d 749, 750-51 (Miss. 1982); Tubbs v. State, 402 So.2d 830, 835 (Miss. 1981). Stubblefield v. Jesco, Inc., 464 So.2d 47 (Miss. 1985) states:
It is only when a directed verdict at the close of the plaintiff's case and again at the close of the defendant's case, would have been proper that a judgment notwithstanding the verdict is proper.
Id. at 55.
Harris asserts in issue number three that the verdict of the jury is against the overwhelming weight of the evidence. However, the facts stated in favor of the State, hereinabove, constitute an issue for the jury as to the guilt or innocence of Harris. The jury resolved that issue against him and this Court is bound by the verdict of the jury. McFee v. State, 511 So.2d 130, 133-34 (Miss. 1987). See also Gavin v. State, 473 So.2d 952, 956 (Miss. 1985); May v. State, 460 So.2d 778, 781 (Miss. 1984). Further, we are of the opinion that the appellant, Harris, was not entitled to a new trial on these issues.

IV.

The verdict was rendered against Harris, who is black, by a jury from which blacks had been systematically excluded.
*1264 Harris contends that his federally protected Fourteenth Amendment right to equal protection has been violated as a consequence of his being black; that there were only two blacks out of twelve on the jury when thirty-seven percent of Lowndes County is black; and that the composition of the jury resulted in reversible error. Harris actually argues a Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), issue of systemically excluding minorities from the jury box rather than a Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), issue. Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975) held:
It should be emphasized that in holding that petit juries must be drawn from a source fairly representative of the community we impose no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population. Defendants are not entitled to a jury of any particular composition, Fay v. New York, 332 U.S. 261, 284, 91 L.Ed. 2043, 67 S.Ct. 1613 [1625] (1947); Apodaca v. Oregon, 406 U.S., [404] at 413, 32 L.Ed.2d 184, 92 S.Ct. 1628 [1634] (plurality opinion); but the jury wheels, pools of names, panels, or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof.
Taylor, 419 U.S. at 538; 95 S.Ct. at 702; 42 L.Ed.2d at 702-03 (emphasis added).
The clerk of Lowndes County testified that the jury selection is based upon voter registration lists of the county without regard to race:
Q. Now you supervise the drawing of the jury list for the circuit court, is that correct?
A. Yes, sir.
Q. Is it done by computer?
A. Yes, sir.
Q. Explain how the computer picks it and what it picks it from?
A. In January of each year, I give the jury commission a list of the qualified electors. They then take the court's order as to how many to put into the computer. Say if they go  the court orders six thousand put in the computer, and there is thirty thousand voters, well they divide six into thirty to get a starting  get a key number, which would be five, then every fifth name down the thirty thousand list would be a prospective juror ...
Q. Is it in any way related to race? Is that in the program?
A. No, sir. The-the names that are put in the program are shown by race and sex, but the programing has nothing to do with race.
Proportional representation of the races on a jury is not required. Booker v. State, 449 So.2d 209, 215 (Miss. 1984). The Lowndes County jury venire selection does not systematically exclude blacks.
In Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the Court set out criteria for what a defendant must do to make out a prima facia case of discrimination in the exercise of peremptory challenges:
The defendant must show that he is a member of a cognizable racial group, Castaneda v. Partida, 430 U.S. 482, 494, 97 S.Ct. 1272, 1275, 51 L.Ed.2d 498 (1977), and that the prosecution has exercised peremptory challenges to remove from the venire members of the defendant's race. Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits "those to discriminate who are of mind to discriminate" Avery v. Georgia, 345 U.S. 559, 73 S.Ct. 891, 97 L.Ed. 1244 (1953). Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the venireman from the petit jury on account of their race.
Batson, 476 U.S. at 96, 106 S.Ct. at 1722-23, 90 L.Ed.2d at 87.
In the case at bar, Harris raised the Batson issue for the first time in his appeal *1265 to this Court. No prima facie case of racial discrimination was shown below in the lower court. The only objection and contention of error is the proportionality of blacks to whites on his jury.
The issue is resolved against the appellant.
There being no reversible errors in the trial below, the judgment of the lower court is affirmed.
CONVICTION OF SALE OF MARIJUANA IN AN AMOUNT GREATER THAN ONE OUNCE BUT LESS THAN ONE KILOGRAM AND A SENTENCE OF THIRTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND A FINE $5,000 AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.