# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 97-KA-00558 COA

**MARCUS FEARS**                                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                             **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/04/97 |
| TRIAL JUDGE: | HONORABLE RICHARD WAYNE MCKENZIE |
| COURT FROM WHICH APPEALED: | PERRY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | S. CHRISTOPHER FARRIS |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEAN SMITH VAUGHAN |
| DISTRICT ATTORNEY: | LINDSEY E. CARTER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | MURDER: SENTENCED TO SERVE A TERM OF LIFE IN THE MDOC; |
| DISPOSITION: | AFFIRMED - 12/30/1998 |
| MOTION FOR REHEARING FILED: | 1/12/99 |
| CERTIORARI FILED: | 5/3/99 |
| MANDATE ISSUED: | 4/27/99 |

BEFORE McMILLIN, P.J., COLEMAN, HERRING, AND PAYNE, JJ.

HERRING, J., FOR THE COURT:

¶1. On March 15, 1996, in Perry County, Mississippi, Marcus Fears shot and killed Eddie Allen with a .22 caliber rifle. Fears was indicted by the grand jury of Perry County on August 15, 1996, on a charge of murder. He was subsequently tried and convicted of the crime of murder in the Perry County Circuit Court on February 26, 1997. Pursuant to the verdict of the jury, the trial court sentenced him to serve a term of life imprisonment in the custody of the Mississippi Department of Corrections. He appeals his conviction and sentence to this Court. We affirm.

## A. THE FACTS

¶2. In the early morning hours of March 15, 1996, a fight broke out between Marcus Fears, Anthony Adams, and Eddie Allen in the home of Allen's mother. Fears left the Allen home and went to the home of

his grandparents, where he was living at the time. Hours later, he returned to Allen's house where Allen and Adams were sleeping. He entered the house and struck the sleeping Adams on the leg with a baseball bat. He then returned to his grandparents' house, followed shortly thereafter by Eddie Allen.

¶3. Upon arrival at the house of Marcus Fears's grandparents, Mr. and Mrs. Ivory Bew, Eddie Allen rang the doorbell at its side entrance. Mr. Bew answered the door. He later testified that Allen was shouting obscenities and hitting the door with a golf club. Allen also threatened to kill Marcus Fears. At that point, Fears came and stood in the doorway with Mr. Bew. Mr. Bew instructed his grandson to go to his room and instructed his wife to call 911, because he "was afraid that [his] life was in danger and so was [his] family's." Marcus Fears called 911, but hung up before he spoke with anyone. He then returned to the door where his grandfather stood with Eddie Allen. Mrs. Bew later testified that the phone rang at that moment, and she turned around to answer it. She turned back after talking to the caller and saw that Marcus Fears had gone out the front door. Mr. Bew saw Fears coming around the house with a shotgun. Mr. Bew yelled, "No, no, no," but Marcus proceeded to fire the gun at Eddie Allen. Mr. Bew tackled his grandson in an attempt to stop the shooting, but Eddie Allen had already been shot in the back and in the leg. He died as a result of a fatal gun shot wound to his back.

¶4. As stated, Marcus Fears was indicted on August 15, 1996, on a charge of murder. On February 26, 1997, a jury of the Perry County Circuit Court found Fears guilty of murder and sentenced him to serve a term of life imprisonment in the custody of the Mississippi Department of Corrections. Thereafter, he timely filed a motion entitled "Motion for a Judgment Notwithstanding the Verdict or in the Alternative for a New Trial" which was overruled on April 14, 1997. Fears now appeals to this Court challenging his conviction.

## B. THE ISSUES

¶5. On appeal, Fears raises the following issues which are taken verbatim from his brief:

**I. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION FOR DIRECTED VERDICT, J.N.O.V. AND A NEW TRIAL.**

**II. THE TRIAL COURT COMMITTED ERROR WHEN IT EXCLUDED TESTIMONY REGARDING PRIOR THREATS MADE BY THE DECEDENT, EDDIE ALLEN AGAINST THE DEFENDANT, MARCUS FEARS.**

**III. THE PROSECUTOR COMMITTED REVERSIBLE ERROR WHEN HE COMMENTED, IN FRONT OF THE JURY, THAT THE DEFENDANT COULD TAKE THE STAND AND TESTIFY AS TO THREATS MADE AGAINST HIM BY EDDIE ALLEN.**

**IV. THE TRIAL COURT ERRED WHEN IT ALLOWED IMPROPER IMPEACHMENT OF IVORY BEW REGARDING A COLLATERAL ISSUE.**

**V. THE COURT COMMITTED REVERSIBLE ERROR IN GRANTING STATE'S INSTRUCTION S-8, WHICH WAS IN HOPELESS CONFLICT WITH DEFENDANT'S INSTRUCTION D-9**

## C. ANALYSIS

¶6. We will address each assignment of error in sequence.

## I. DID THE TRIAL COURT ERR IN OVERRULING FEARS' MOTION FOR DIRECTED VERDICT, OR HIS MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR IN THE ALTERNATIVE A NEW TRIAL?

¶7. Fears asserts that the trial court erred in denying his motion for directed verdict and his motion for judgment notwithstanding the verdict (JNOV), or in the alternative, a new trial. He argues that the evidence presented by the State did not establish the crime of murder. He also asserts that there is "no testimony in the Prosecution's case in chief that indicates that there was any deliberation on the part of Marcus Fears." Thus, Fears reasons that since deliberation is a necessary element of the crime of murder, the prosecution did not prove its case.

## SUFFICIENCY OF THE EVIDENCE

¶8. Although Fears moved for a directed verdict at the close of the State's case, he proceeded to introduce evidence after the trial court denied his motion. His decision to introduce additional evidence waived his right to appeal that ruling and bars this Court from considering the directed verdict issue on appeal. *Harris v. State*, 576 So. 2d 1262, 1263 (Miss. 1991) (holding appeals court barred from considering directed verdict motion made at close of State's case where criminal defendant introduced evidence after close of State's case). "When the sufficiency of the evidence is challenged on appeal, this Court properly should review the Circuit Court's ruling on the last occasion when the sufficiency of the evidence was challenged before the trial court." *Wetz v. State*, 503 So. 2d 803, 807 (Miss. 1987).

¶9. In the case at bar, the last occasion on which the sufficiency of the evidence was challenged was when the circuit court overruled the "Motion for a Judgment Notwithstanding the Verdict or in the Alternative for a New Trial." Therefore, we will consider all of the evidence before the court and in the record at that time.

¶10. This Court's scope of review based on a challenge to the sufficiency of the evidence is well settled. In reviewing the trial court's denial of a motion for a judgment notwithstanding the verdict, this Court reviews the sufficiency of the evidence in the light most favorable to the State. *McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993). All credible evidence which is consistent with Fears's guilt must be accepted as true, and the State is given the benefit of all favorable inferences that may be reasonably drawn from the evidence. *Id.* Because matters concerning the weight and credibility of the witnesses are to be resolved by the fact finder, this Court will reverse only where, "with respect to one or more elements of the offense charged, the evidence so considered is such that reasonable and fairminded jurors could only find the accused not guilty." *Id.*

¶11. In the case *sub judice*, the State introduced abundant evidence to prove that the crime of murder was committed by the appellant. Fears never disputed the fact that he shot and killed Eddie Allen. In his motion for judgment notwithstanding the verdict, Fears asserted that the necessary element of malice aforethought was not proven by the State. "Malice aforethought is defined as the equivalent of 'deliberate design.' [D]eliberate always indicates full awareness of what one is doing, and generally implies careful and unhurried

consideration of the consequences. 'Design' means to calculate, plan, contemplate . . . deliberate design to kill a person may be formed very quickly, and perhaps only moments before the act of consummating the intent." *Gossett v. State*, 660 So. 2d 1285, 1293 (Miss. 1995). When reviewing the evidence in the light most favorable to the State, we can only find that Fears deliberately shot Eddie Allen. Thus, Fears's motion for judgment notwithstanding the verdict was properly overruled.

### MOTION FOR NEW TRIAL

¶12. In reviewing the decision of the trial court on a motion for a new trial, this Court views all of the evidence in the light most consistent with the jury verdict. *Strong v. State*, 600 So. 2d 199, 204 (Miss. 1992). A motion for a new trial addresses the weight of the evidence and should only be granted to prevent an unconscionable injustice. *McClain v. State*, 625 So. 2d 774, 781 (Miss. 1993). Accordingly, we will reverse and remand for a new trial only upon reaching the conclusion that the trial court has abused its discretion in failing to grant a new trial. *Herring v. State*, 691 So. 2d 949, 957 (Miss. 1997).

¶13. The jury heard from eye witnesses who saw Fears shoot and kill Allen. Fears never denied that he killed the deceased. In the face of Fears's assertion that he shot Allen in self-defense, the jury heard from several witnesses who testified to facts that indicate to the contrary. When viewed in a light most favorable to the jury verdict, we find that the evidence presented against Fears was more than ample to convict him of murder. We note that Fears asserts on appeal for the first time that "[t]his case represents a textbook example of heat of passion manslaughter." We do not agree, but, regardless, this issue was not raised in the trial court and is therefore procedurally barred. "A trial judge will not be found in error on a matter not presented to him for decision." *Jones v. State*, 606 So. 2d 1051, 1058 (Miss. 1992).

## II. DID THE TRIAL COURT ERR WHEN IT EXCLUDED TESTIMONY OF PRIOR THREATS MADE BY THE VICTIM AGAINST THE APPELLANT?

¶14. The appellant claims that the trial court committed reversible error when it denied him the opportunity to put on evidence that would have shown that the victim was the first aggressor and that he (Fears) acted in self-defense. Fears claims that the proffers of testimony made by his grandparents, Ivory and Ernestine Bew, if admitted into evidence, would have shown that he acted in self-defense. Thus, he argues that the exclusion of such evidence constituted reversible error.

¶15. "Of course, it is elementary that threats (not remote) made against a defendant, and the conduct of the deceased at, and within a reasonable time prior to, the homicide are admissible, being relevant to show who was the aggressor, and to show the state of mind of the deceased." *Evans v. State*, 457 So. 2d 957, 958 (Miss. 1984) (citations omitted). Additionally, the official comment to Mississippi Rule of Evidence 404 states that the character of a victim may be relevant under certain circumstances. The most likely situation where such evidence would be relevant would be the situation where the defendant tries to prove that the victim was the first aggressor and the defendant acted in the "nature of self-defense." In such situations evidence of the victim's character is admissible once the defendant proves "an overt act perpetrated against him by the victim." *See* M.R.E. 404 cmt. (citations omitted).

¶16. The appellant claims that the proffered testimony would have established "that Eddie Allen had on numerous occasions said that he was going to kill Defendant, Marcus Fears and on at least one occasion, had armed himself with a razor blade and a rifle." However, on careful examination of the record, we find that this testimony was admitted into evidence at a different time during the trial. Mrs. Bew was allowed to

testify concerning two specific occasions when there was trouble between Fears and Allen. On the first occasion, Allen was carrying a razor blade and threatening Fears. During the same confrontation, after Allen had been convinced to put the razor blade away, Mrs. Bew testified that she saw Allen with a rifle and that Allen said to the others, "Just get back. I'll take care of him," referring to Fears.

¶17. The proffered testimony that was not admitted by the trial court was excluded as inadmissible hearsay. Mr. and Mrs. Bew each attempted to testify concerning what the victim said to Mr. Bew at the time he came to the door of the Bew home on the morning in question. Due to the ruling by the trial court that the victim's statement at that time should be excluded, the defense made a proffer of evidence. The proffer showed that on the morning of his death, Allen had said to Mr. Bew: "I'm going to kill that mother f----- this morning." This testimony, as well as prior threats by the deceased against Fears, was presented to the court outside the presence of the jury. However, after the proffer had been made, Mr. Bew testified in the presence of the jury that on the morning in question, while Fears stood behind him in the doorway to his house, Allen stood at the door threatening, "Let that mother f----- come out because I'm going to kill him this morning." Therefore, although the jurors were precluded from hearing the testimony the first time it was offered, they did have the opportunity to hear similar testimony later in the trial. The proffered evidence constituted cumulative evidence. Consequently, the ruling that it be excluded does not support a finding by this Court that the trial court committed reversible error. *See Weeks v. State*, 493 So. 2d 1280, 1284 (Miss. 1986) (holding that a complaint report improperly excluded as hearsay was cumulative evidence where an officer subsequently testified as to what was contained in the report). "For a case to be reversed on the admission or exclusion of evidence, it must result in prejudice and harm or adversely affect a substantial right of a party." *Terraine Enterprises, Inc. v. Mockbee*, 654 So. 2d 1122, 1131 (Miss. 1995) (citing *Hansen v. State*, 592 So. 2d 114 (Miss. 1991)). *See also* M.R.E. 103(a). We find that the jury was sufficiently informed of the threats made against Fears by Allen, and any error committed by the trial court in sustaining the objections made by the State was either cured or rendered harmless beyond a reasonable doubt when identical testimony was allowed at a different time in the trial. *See Jackson v. State*, 594 So. 2d 20, 25 (Miss. 1992) (holding improper exclusion of testimony cured or harmless beyond a reasonable doubt where jury was otherwise amply informed of evidence). We also note that Fears was properly allowed to raise his theory of self- defense before the jury through Instruction D-12 which was allowed by the trial court. *See Thompson v State*, 602 So. 2d 1185, 1190 (Miss. 1992). This assignment of error is without merit.

## III. WAS THE COMMENT BY THE PROSECUTOR THAT DEFENDANT WAS IN COURT "TO TESTIFY ABOUT WHAT HE SAID" REVERSIBLE ERROR?

¶18. For his third assignment of error, Fears claims that the prosecutor improperly commented on his failure to testify, and thereby denied him his Fifth Amendment right to be free from self-incrimination. The testimony complained of arose during defense counsel's questioning of Mrs. Bew and was as follows:

> Q: And when he returned home, did he enter the house?
>
> A: Yes
>
> Q: Did he say anything to you?
>
> A: Yes, he did.

Q: Do you recall what it was that he said?

[Mr. Pittman]: Your Honor, objection to hearsay.

The Court: I'm going to technically sustain.

Q: Did he say, Good morning, Grandma?

A: He said some things to me, but it wasn't -

[Mr. Pittman]: Your Honor, objection -

A: -- and I'm not allowed to say that.

[Mr. Pittman]: -to anything he said as hearsay.

[The Court]: All right.

A: I'm not allowed to say, so I can't say it.

[Mr. Lawrence]: I don't understand the basis of the objection, Your Honor. Perhaps I need to return to law school, but if the Court may take the opportunity to educate me as to how a statement made from the defendant directly to her is hearsay. I'm not asking if he said anything regarding what anyone had stated.

[Mr. Pittman]: *Because the defendant is here to testify about what he said*. (emphasis added).

¶19. The State argues that Fears is procedurally barred from claiming that the prosecutor commented on the defendant's failure to testify because no contemporaneous objection was ever made. The Mississippi Supreme Court has held however, "that, even without a timely objection, reversal may be required when the prosecuting attorney has commented upon the defendant's right not to testify." *Griffin v. State*, 557 So. 2d 542, 552 (Miss. 1990) (citations omitted).

¶20. At the time of the alleged improper comment, the attorney for Fears was attempting to put into evidence Ernestine Bew's testimony concerning events that took place on the morning in question prior to the shooting. Mrs. Bew was asked to recall what Fears said on return from his "daylight trip" shortly before the deadly confrontation. He was referring to the trip Fears took to Allen's house when he hit Anthony Adams with the baseball bat. As stated, this evidence was allowed to be heard by the jury at another point in the trial. The prosecution objected on the basis that any such testimony should be excluded as inadmissible hearsay. The trial court judge ruled as follows: "I'm going to technically sustain." Thereafter, the attorney for Fears requested clarification from the court "as to how a statement made from the defendant directly to [Mrs. Bew] is hearsay."

¶21. The Mississippi Rules of Evidence define two separate sets of exceptions under which hearsay evidence is properly admitted. Rule 803 provides exceptions to the hearsay rule where the availability of the declarant is immaterial. Conversely, Rule 804 provides exceptions to the hearsay rule where the declarant is unavailable. In this case, the record indicates that the prosecutor was making a legal argument that the testimony of Fears should have been excluded because the declarant, Fears, was available to testify.

¶22. It is not necessary for a proper resolution of the issue to determine whether Fears was "available" for the purposes of the hearsay exceptions, but only to ascertain whether the prosecutor's remarks were improper comments on the defendant's failure to testify. In the situation before us, the allegedly improper comments offered by the prosecution were presented to the judge for the purpose of arguing that the proposed testimony that the defense was trying to have admitted was in fact hearsay. The comment by the prosecutor was not in any way directed to the jury and was an explanation to the court as to why the statement of Ernestine Bew, if admitted, would have constituted hearsay.

¶23. The Mississippi Supreme Court recently considered this issue. In *Strahan v. State*, 96-KA-00470-SCT (Miss. 1998), Chief Justice Prather, writing for the court, noted that "prosecutors are prohibited from making direct comments on the defendant's failure to testify; they are also precluded from referring to the defendant's failure to testify 'by innuendo and insinuation.'" (citing *Wilson v. State*, 433 So. 2d 1142, 1146 (Miss. 1983)). However, the supreme court distinguished between an improper comment on a defendant's right not to testify at trial and a comment on the defendant's failure to present a successful defense. Finding that the State is entitled to comment on the lack of any defense, the court held that "such comment will not be construed as a reference to a defendant's failure to testify 'by innuendo and insinuation.'" *Strahan v. State*, 96-KA-00470-SCT at 6.

¶24. One important point in *Strahan* was that the jury was instructed "to ignore the fact that [Strahan] did not testify." *Id.* at 8. The jury in *Strahan* was instructed that "[a]rguments, statements and remarks of counsel are intended to help you understand the evidence and apply the law, but are not evidence." *Id*. at 7. Additionally, "[i]n all criminal trials, the persons charged have an [sic] right to remain silent and require the prosecution to prove each and every element of the crime charged. At no time under the laws of the United States must a person charged with a crime prove his own innocence or testify. If a person chooses not to testify, you the jury are not permitted to draw any unfavorable inference against such person, and this should not influence your verdict in any manner whatsoever." Id. at 7. The supreme court held that "given the context of the comment and the content of the written instructions, there is no reversible error." *Id*. at 8.

¶25. The pertinent part of jury instruction C.01 given by the court in the case *sub judice* stated as follows:

> Arguments, statements, and remarks of counsel are intended to help you understand the evidence and apply the law, but are not evidence. Any argument, statement, or remark having no basis in the evidence should be disregarded by you.

> The evidence which you are to consider consists of the testimony of the witnesses and the exhibits offered and received. Production of this evidence in Court is governed by rules of law.

> From time to time during the trial, it has been my duty as judge to rule on the admissibility of evidence. You must not concern yourself with the reasons for the Court's rulings since they are controlled and governed by the rules of law. You should not infer from any ruling by the Court on these motions or objections to the evidence that the Court has any opinion on the merits of this case favoring one side or another.

Jury instruction D-3 provided as follows:

> The court instructs the jury that before you can return a verdict of guilty, the State must prove to your satisfaction beyond a reasonable doubt that the Defendant is guilty. The presumption of innocence

attends the Defendant throughout the trial and prevails at its close unless overcome by evidence which satisfies you, the jury, of the Defendant's guilty beyond a reasonable doubt. *The Defendant is not required to prove his innocence.* (emphasis added).

And finally, jury instruction D-4 provided as follows:

The Court instructs the jury that if there be any fact or circumstances in this case susceptible to two interpretations, one favorable and the other unfavorable to the Defendant, Marcus Fears, and when the jury has considered such facts or circumstances with all the other evidence, the jury must resolve such doubt in favor of the Defendant and place upon such fact or circumstances the interpretation favorable to the Defendant.

¶26. "What constitutes an improper comment on the defendant's failure to testify is "to be determined from the facts and circumstances of each case." *Strahan*, 96-KA-00470-SCT at 7. We find that the prosecutor's statement was not made for the purpose of commenting on the appellant's failure to testify. We hold, as did our supreme court in *Strahan,* that the comment taken from the context in which it was used and especially where the explanation was invited by the defense attorney, was not improper. Alternatively, even if it were so, the jury instructions acted to cure any prejudicial effect the comment may have had on the deliberations of the jury. *See also Ramer v. U.S., Church v. U.S.*, 390 F.2d 564, 576 (9th Cir. 1968) (holding that trial court's comment on defendant's ability to testify was found to be a "shorthand way of defining hearsay.").

## IV. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR BY ADMITTING INTO EVIDENCE A PRIOR SHOOTING INVOLVING THE SON OF IVORY BEW AND THE VICTIM, EDDIE ALLEN?

¶27. With this assignment of error, Fears asserts that the court committed reversible error by allowing Ivory Bew to be improperly impeached on cross-examination. M.R.E. 616, entitled "Bias of Witness" provides as follows:

For the purpose of attacking the credibility of a witness, evidence of bias, prejudice, or interest of the witness for or against any party to the case is admissible.

"This state allows wide-open cross-examination of any 'matter affecting the credibility of the witness.'" *Meeks v. State*, 604 So. 2d 748, 755 (Miss. 1992) (citations omitted).

¶28. In the trial of this case, the prosecution attempted to impeach Ivory Bew by questioning him about prior events that occurred involving Bew's son and Eddie Allen. The prosecution alleged that Rodney Bew, Ivory Bew's son, was arrested for shooting a firearm into Eddie Allen's house. The prosecution explained, after objection by the defense, that the evidence was being offered to challenge the "witness's credibility as to he does not like Eddie Allen and he's got it in for Eddie Allen. He's trying to protect his family against Mr. Allen, Your Honor." The court allowed the prosecution to make a proffer of the evidence outside of the presence of the jury to determine if the evidence was admissible. After the proffered evidence was fully developed, the trial judge allowed the evidence to be heard by the jury for the purpose of challenging the credibility of Mr. Bew. We find that the evidence presented was relevant to the credibility of Mr. Bew as a

witness, and the trial judge properly allowed the testimony to show a possible bias or interest of Mr. Bew pursuant to M.R.E. 616. This assignment of error is without merit.

## V. DID THE TRIAL JUDGE ERR IN GRANTING THE STATE'S JURY INSTRUCTION S-8 AND DID IT DIRECTLY CONFLICT WITH DEFENDANT'S JURY INSTRUCTION D-9?

¶29. This final assignment of error is procedurally barred due to the fact that there was no objection to the jury instructions at the trial of this case, nor was there a mention of this error in the motion for a new trial. "A trial judge will not be found in error on a matter not presented to him for decision." *Gray v. State*, 96-DP-00241-SCT, 37 (Miss. 1998) (quoting *Jones v. State*, 606 So. 2d 1051, 1058 (Miss. 1992)). The Mississippi Supreme Court has held specifically that "[e]rrors based on the granting of an instruction will not be considered on appeal unless specific objections stating the grounds are made in the trial court." *Oates v. State*, 421 So. 2d 1025, 1030 (Miss. 1982) (citing *Collins v. State*, 368 So. 2d 212 (Miss. 1979)).

**¶30. THE JUDGMENT OF THE CIRCUIT COURT OF PERRY COUNTY OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PERRY COUNTY.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**